UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RECEIVED

JUN 11 2018

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

DAMON LOVELL

name of plaintiff(s)

CIVIL ACTION

versus

NO._____ )

OFFICE OF FINANCIAL
INSTITUTIONS

name of defendant(s)

## COMPLAINT

1.  State the grounds for filing this case in Federal Court (include federal statutes and/or U. S. Constitutional provisions, if you know them):

    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended; in violation of the applicable section 703(a), 707, and 709

2.  Plaintiff, DAMON LOVELL resides at

    90 NORTHPOINT  APT 1703 , HOUSTON ,

    street address                          city

    HARRIS , TX , 77060 (713) 418-0918

    parish          state      zip code    telephone number

    (if more than one plaintiff, provide the same information for each plaintiff below)

3.  Defendant, OFFICE OF FINANCIAL ⊞ lives at, or

    its business is located at  8660 United Plaza Blvd ,

    street address

    BATON ROUGE , EAST BATON RO⊞ , LA ,

    city                      parish            state

    70809 , (225) 925-4660 .

    zip code    telephone number

(if more than one defendant, provide the same information for each defendant below)

Document Attached

4.   Statement of claim ( State as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Be as specific as possible.  You may use additional paper if necessary):

Document Attached

5.   Prayers for Relief (list what you want the Court to do):

a.   Document attached

b.   

c.   

d.   

I (we) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge, and belief.

Signed this ___June___ day of ___4___, 20 18

(signature of plaintiff (s))

1

United States District Court

MIDDLE DISTRICT OF LOUISIANA

_____ DIVISION


DAMON LOVELL (Plaintiff)

Versus

OFFICE OF FINANICAL INSTITUTIONS (Defendant)

John Ducrest, Commissioner (Defendant)

Christine Kirkland, Deputy Commissioner (Defendant)

Julie Cooper, Administrative Program Director (Defendant)

Kathleen Parrish, Former Administrative Program Director (Defendant)

CIVIL ACTION NO.

JUDGE

MAGESTRATE JUDGE

---

## COMPLAINT (JURY TRIAL DEMANDED)

### PLAINTIFF

1. The Plaintiff in this case is **Damon Lovell**, who was a citizen of Louisiana and mailing address currently is 90 Northpoint Dr. Houston, Texas 77060. The Plaintiff is bringing action set forth by Title VII

### DEFENDANTS

2. The Defendants in this case are as followed: **John Ducrest**, commissioner, being sued individually and in his appointed capacity, located at 8660 United Plaza Blvd, Baton Rouge, Louisiana 70809. **Christine Kirkland**, deputy commissioner, being sued individually and in her appointed capacity, located at 8660 United Plaza Blvd, Baton Rouge, Louisiana 70809. **Julie Cooper**, Administrator Program Director, being sued in her appointed capacity, located at 8660 United Plaza Blvd, Baton Rouge, Louisiana 70809. **Kathleen Parrish**, former Administrator Program Director, being sued in individual capacity, located at 15224 Seven Pines Ave, Baton Rouge, Louisiana 70817.

DAMON LOVELL V. THE OFFICE OF FINANCIAL INSTITUTIONS, et al.

## JURISDICTION & VENUE

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4.  The unlawful employment practices alleged in this Complaint were committed in numerous locations across the state of Louisiana including within the jurisdiction of the United States District Court for the Western District of Louisiana, Lake Charles Division. Venue is appropriate in this Court.

## NOTICE OF RIGHT TO SUE

5.  On March 7, 2018, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission (EEOC), Charge No. 461-2018-00542. This lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled

## NATURE OF ACTION

6.  This is an action under Title VII of the Civil Rights Act of 1964 as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race and sex, and to provide appropriate relief to African American male applicants and to all black male employees who were adversely affected by such practices. As alleged with greater particularity below, Defendants have engaged in, and continue to engage in, unlawful discrimination by maintaining a standard operating procedure of denying employment to qualified black male applicants for the position of compliance examiner at the Office of Financial Institutions, a state regulatory agency of the state of Louisiana, discriminating in hiring against Black males (African American) on the basis of race and sex. Additionally, Defendants unlawfully destroyed, or otherwise failed to preserve, records relevant to whether unlawful employment practices have been or are being committed, in violation of the applicable Section 709 (c) of Title VII, 42 U.S.C. § 2000e-8(c).le record-keeping regulations issued pursuant to Section 709(c) of Title VII, 42 U.S.C.

DAMON LOVELL V. THE OFFICE OF FINANCIAL INSTITUTIONS, et al.

## COUNT ONE

DEFENDANTS HAVE DISCRIMINATED AGAINST AFRICAN AMERICAN MALES BY STRATEGICALLY AND SYSTEMICALLY DENYING THEM EMPLOYMENT AT THE OFFICE OF FINANICAL INSTITUTIONS.

7.  As described below, since the inception of the Office of Financial Institutions, Defendants and predecessors have engaged in unlawful employment practices at the state agency, in violation of Sections 703(a) and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-6(a).

8.  As alleged with more particularity elsewhere herein, Defendants' hiring discrimination against African American males will be supported by direct evidence, evidence of centralized, strategic and systemic practices and/or policies, numeric and/or statistical evidence, and/or anecdotal evidence in violation of Title VII.

9.  Plaintiff worked as a compliance examiner from the period of June 2015 to November 2016. The Plaintiff was 1 of 3 African American males in that position state wide which roughly made up less than 6 percent of the entire staff. Furthermore, before hiring the Plaintiff, the agency had not hired an African American made in over 5 years (April 5, 2010); even though, the agency had and still is going through an extremely high turnover period (1:2 ratio). It is estimated that Office of Financial of Institutions has hired less than 7 African American males in 30 plus years. That is 1 new hire every 5 years.

10. During a 15 year period, from 2002 from 2017, the agency has hired 83 compliance examiners. Out of the 83 compliance examiners hired, only 3 were African American males which presents only 3.6 percent.

11. Over a 15 year time period, the Office of Financial Institutions has willfully, purposefully, and systemically maintained a low percentage of African American male employment rate at less than 4 percent.
    *   3 out of 83 new hires were African American males

DAMON LOVELL V. THE OFFICE OF FINANCIAL INSTITUTIONS, et al.

12. Defendants' hiring discrimination against African American males as a class, as alleged, constitutes an unlawful "pattern or practice of resistance to the full enjoyment of any of the rights secured by" Title VII, in violation of Section 707(a).
    - During a 10 year period, from 2007 to 2017, the Office of Financial Institutions hired only 3 African American males while at the same time hiring 14 African American females which is almost 500 percent hiring ratio reference to male to female.
    - The state of Louisiana has two historical black colleges located within its state borders. The colleges are Southern University and Grambling State University. The Office of Financial Institutions has historically failed to hire or recruit from Southern University and Grambling State which are viable and qualified employment pools for African American male applicants. Southern University is a 15 minute drive from the main hiring office of the Office of Financial Institutions.

    - The Plaintiff was the first African American male that the agency had hired within a 5 year span; however, Deputy Commissioner, Christine Kirkland, who is white, hired her son's best friend, Steven Brocksmith, who is a white male, two months after the Plaintiff to work as a compliance examiner.

13. Defendants' hiring discrimination against African American males as a class, as alleged, constitutes an unlawful employment practice in violation of Section 703 of Title VII.
    - During a 7 year period, from 2007 to 2014, the Office of Financial Institutions hired 1 African American male. During that same period, the agency hired 8 African American females, 23 White females, 21 White males, and 1 Asian female.

14. Defendants' hiring discrimination against African American males as a class, as alleged, constitutes an unlawful employment practice in violation of Section 703 of Title VII.
    - During the plaintiff's 18 month tenure at the agency, the hiring profile for compliance examiners consisted of the following:

      Hired during the period of June 2015 to November 2016

      1 African American male 8%

      2 African American females 17%

      3 White males 25%

      5 White females 42%

      1 Asian female 8%

DAMON LOVELL V. THE OFFICE OF FINANCIAL INSTITUTIONS, et al.

- After the plaintiff's termination, the agency's hiring profile for compliance examiners consisted of the following:

  Hired during the period December 2016 to September 2017

  1 African American male 9%

  3 African American females 27%

  4 White males 36%

  3 White females 27%

  The agency systemically and strategically discriminates against a certain protective class of applicants which are African American male applicants which clearly demonstrates an employment practice pattern.

- The Office of Financial Institutions has 6 district offices across the state of Louisiana.

  Baton Rouge – 1 African American male

  New Orleans – 2 African American males

  Alexandria – 0 African American males

  Lafayette – 0 African American males

  Shreveport – 0 African American males

  Monroe – 0 African American males

  4 of the 6 offices have zero African American males

## COUNT TWO

### RECORDKEEPING VIOLATIONS

15. Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records which Defendants unlawfully failed to retain include, but are not limited to, relevant employment applications and personnel files, tests administered to applicants, and lists of job candidates.

**INTENT AND MALICE**

16. The unlawful employment practices complained of in Count One is intentional. The unlawful employment practices complained of in Count One is and continue to be done with malice or with reckless indifference to the federally protected rights of African American male applicants, and to the federally protected rights of employees who engaged in activity protected by Title VII.

**PRAYER FOR RELIEF**

17. Wherefore, the Plaintiff respectfully requests that this Court:

18. Grant a permanent injunction enjoining Defendants, their appointed officers, agents, employees, attorneys, successors, and all persons in active concert or participation with them, from engaging in discrimination based on race and sex in their hiring practices in reference to Title VII.

19. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American applicants, and for employees who participate in activity protected by Title VII or who oppose practices made unlawful by Title VII, and which eradicate the effects of Defendants' past and present unlawful employment practices.

20. Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c),relevant to the determination of whether unlawful employment practices have been or are being committed.

21. Order Defendants to make whole aggrieved African American male applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Count One, including job search expenses, in amounts to be determined at trial.

22. Order Defendants to make whole aggrieved African American male applicants by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Count One, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

23. Order Defendants to pay aggrieved African American male applicants punitive damages for Defendants' malicious and reckless conduct described in Count One, in amounts to be determined at trial.

DAMON LOVELL V. THE OFFICE OF FINANCIAL INSTITUTIONS, et al.

24. Order Defendants to recruit and participate in job fairs held annually at Southern A&M University and Grambling State University where qualified African American applicants are available.

25. Order or advise Governor of the state of Louisiana to appoint new commissioner and deputy commissioner for the Office of Financial Institutions.

26. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

27. The Plaintiff requests a jury trial.

Respectfully submitted,
DAMON LOVELL
Pro Se
713-418-0918


Signature