UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAMON LOVELL | CIVIL ACTION |
| VERSUS | NO: 18-CV-00575-BAJ-EWD |
| THE OFFICE OF FINANCIAL INSTITUTIONS, ET AL. | CONSOLIDATED WITH |
| | NO: 18-CV-00624-BAJ-EWD |

RULING AND ORDER

Before the Court are two **Motions to Dismiss (Docs. 11 and 15)** Damon Lovell's ("Plaintiff") complaints. Plaintiff filed his complaint against the Office of Financial Institutions ("OFI"), and assorted OFI employees:

1.) John Ducrest, Commissioner ("Ducrest")
2.) Barry Esminger, District Area Office Manager ("Esminger")
3.) Monique Staley, Compliance Examiner ("Staley")
4.) Danielle LeBlanc, former OFI employee ("LeBlanc")
5.) Mark Heroman, former OFI employee ("Heroman")
6.) Kathleen Parrish, former OFI employee ("Parrish")[1]

Plaintiff alleges various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. ("Title VII") and the Fair Labor Standards Act of 1938 ("FLSA"). For the reasons stated below, the Court GRANTS Defendants' motions, and DISMISSES Plaintiff's complaints.

---

[1] All named defendants shall be collectively referred to as "Defendants."

1

I.  **FACTUAL BACKGROUND**

Plaintiff's 31-page, 234 paragraph complaint under the instant Docket Number reads as a complete record of all slights, real or perceived, major or minor, suffered by Plaintiff during his brief employment at OFI. Setting forth each and every incident complained of in Plaintiff's complaint would result in an unnecessarily long and cumbersome ruling. Therefore, in the interest of judicial economy, the Court shall address Plaintiff's complaint generally. Furthermore, the Court notes that Plaintiff filed two complaints in this matter, one bearing the instant Docket Number, the other bearing Docket Number 3:18-CV-00624-BAJ-EWD. In the case bearing the instant Docket Number, Plaintiff filed a complaint against the aforementioned OFI employees for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 24 U.S.C. §§ 2000e, et seq. and the Fair Labor Standards Act of 1938. In the case originally bearing the Docket Number 3:18-CV-00624-BAJ-EWD, Plaintiff makes claims against OFI and other OFI employees, including John Ducrest, Christine Kirkland, Julie Cooper, and Kathleen Parrish, for systematic denial of employment to African American males under Title VII of the Civil Rights Act of 1964, 24 U.S.C. §§ 2000e, et seq. It is not immediately apparent to the Court why Plaintiff filed two separate complaints in this matter, given that these matters arise from the same series of events and are brought against the many of the same Defendants. The matters were consolidated under the instant Docket Number on October 12, 2018. As both complaints arose out of the same series of events, the Court shall address in this consolidated ruling.

Plaintiff alleges that he was hired as a "compliance manager"[2] on June 1, 2015. (Doc. 1 at ¶ 12). Plaintiff contends that from the first day he began working at OFI, he began to notice disparate treatment, as he alleges that he did not receive a job orientation, whereas a white male employee hired four months later did. (*Id.* at ¶¶ 14, 15). Plaintiff also alleges that he was denied healthcare coverage for many months by Program Director Kathleen Parrish, whereas a biracial female coworker claimed that her healthcare coverage started a mere 30 days after her employment commenced. (*Id.* at ¶¶ 16, 17). Plaintiff also cites the following incidents in his claims for race and gender-based discrimination:

1) He was not given an access card in what he considers to have been a timely fashion. (*Id.* at ¶¶ 21, 22)

2) Plaintiff's request to train with Mr. Negel Quintal, a black male, was denied, whereas another white male employee was permitted to travel to Lafayette to train with a white female.[3]

3) Plaintiff generally alleges that he was not properly trained.[4] (Doc. 1).

---

[2] The Court gleans from Plaintiff's complaint that a "compliance manager" is someone who travels to banks to perform audits for compliance with various state, local, and federal rules and regulations.

[3] Plaintiff alleges that only examiners with at least ten years of experience could be considered "competent" but offers no further explanation or evidence to support this claim. Plaintiff claims that Mr. Quintal, who allegedly has ten years of experience as an examiner, was the only person qualified to train him. (*Id.* at ¶ 31).

[4] Plaintiff also alleges that other coworkers of various races and genders have reported similar experiences regarding training. (*Id.* at ¶¶ 45, 50). Plaintiff also alleges that he regularly attended National Credit Union Administration New Examiner's School. (*Id.* at ¶ 86). Plaintiff further alleges that other examiners "were training themselves for the most part" (*Id.* at ¶ 147).

4) Plaintiff generally alleges that at multiple banks, he was not given any tasks to do, or any on-site training. (*Id.*).

5) Plaintiff alleges that he never received compensation for attending the National Credit Union Administration New Examiner's School, but does not allege that other employees not in his protected class received such compensation.[5]

6) Plaintiff alleges that his employers withheld review forms containing negative critiques from him as "ammunition" against him. (*Id.* at 117).

7) Plaintiff alleges that his employment was terminated on November 22, 2016, despite having received a satisfactory evaluation weeks prior.

Plaintiff's complaint associated with the Docket Number 3:18-CV-00624-BAJ-EWD is sparse. Plaintiff alleges generally that OFI maintains a standard practice of denying employment opportunities to black men, and that Defendants unlawfully destroyed records relevant to the issue. (3:18-CV-00624-BAJ-EWD Doc. 1 at ¶ 6). Plaintiff claims that Defendants systematically deny black men employment opportunities. (*Id.* at ¶ 8). Plaintiff then points to certain uncited statistics concerning the percentage of OFI staff that identify as various racial subgroups. (3:18-CV-00624-BAJ-EWD Doc. 1.).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 6, 2018 (Doc. 15 at Exhibit A), and

---

[5] In fact, Plaintiff alleges that he was not the only employee who did not receive compensation for attending off-hours training events, and that his employer "would not give the examiners their compensation time." (Id. at ¶ 86). Plaintiff fails to fully explain this allegation.

received a "right to sue" letter on March 7, 2018. (*Id.* at Exhibit B). Plaintiff filed the complaint associated with the instant docket number on May 23, 2018, and the complaint associated with 3:18-CV-00624-BAJ-EWD on June 11, 2018.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

5

III. DISCUSSION

A. Timeliness of the Instant Complaint

Defendants claim that Plaintiff's complaint in the instant matter is time barred, as Plaintiff failed to file his charge of discrimination with the EEOC within 300 days of the last act of alleged discriminatory conduct. (Doc. 11 at ¶ 6). The Court agrees with Defendant. In order for a party's charge of discrimination to be considered timely, it must have been filed within 300 days of the complained of conduct, pursuant to 42 U.S.C. § 2000e-5.

It is difficult to ascertain the last act of discriminatory conduct alleged in Plaintiff's complaint, due to the often wandering and unfocused nature of the allegations. However, even if this Court were to offer the most generous interpretation of Plaintiff's complaint, that the last act of discriminatory conduct occurred the day Plaintiff was fired, Plaintiff's charge of discrimination would still be untimely. Plaintiff's employment was terminated on November 22, 2016. Plaintiff filed his charge of discrimination on March 6, 2018. Exactly 496 days had passed between the last incident of discrimination and Plaintiff's filing of the charge of discrimination with the EEOC. As Plaintiff did not timely file his charge of discrimination, the Court finds that the instant action is barred as untimely. *See Carter v. Target Corp.*, 541 F. App'x 413, 419 (5th Cir. 2013) (affirming the dismissal of a Title VII claim for being untimely after considering the plaintiff's charge of discrimination). *See also Hartz v. Administrator of Tulane Educ. Fund*, 275 F.App'x 281, 287-289 (5th Cir. 2008) (dismissing Title VII claims as time barred as the

plaintiff filed the charge of discrimination over 300 days after the last alleged discriminatory conduct).

## IV. Timeliness of the Complaint Bearing the Docket Number 3:18-CV-00624-BAJ-EWD

Defendants further allege that Plaintiff's claims are time-barred because he failed to file his lawsuit within 90 days of receipt of his right to sue letter. (Doc. 15-1, p. 10). Defendants cite *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) in asserting that the requirement of filing a lawsuit within 90 days of receipt of the right to sue letter is "strictly construed." (*Id.*). Additionally, Defendants allege that Plaintiff admits that he received his right to sue letter on March 7, 2018 but did not file his complaint until June 11, 2018. (Doc. 15-1 at p. 10). Therefore, the complaint was not filed until 96 days after Plaintiff's receipt of the right to sue letter from the EEOC. (Id.).

Again, the Court agrees with Defendants. In *Urbina v. United Parcel Service, Inc.*, No. 08-5018, 2009 WL 1766541, at *1 (5th Cir. 2009), a *pro se* plaintiff's claims were dismissed for failure to file within 90 days of receiving the right to sue letter, as she filed 92 days after receipt. Furthermore, in *Taylor*, a *pro se* plaintiff's claim was also dismissed for failure to file within the 90-window. 296 F.3d 377, 380. The Court granted the plaintiff seven extra days under the presumption of receipt doctrine, which prescribes the presumed receipt date of a right to sue letter when the actual receipt date is contested. *Id.* Because Plaintiff here does not contest the receipt date of his right to sue letter, he is clearly outside of the 90-day window to file his lawsuit.

The 90-day window to file an action related to an EEOC claim is akin to a

7

statute of limitations, and therefore is subject to equitable tolling. *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). Consequently, in some circumstances, a plaintiff could lawfully file an action outside of the 90-day period. *Id.* The circumstances where equitable tolling of the 90-day window would be appropriate are limited, and include: (1) inadequate notice about the statutory period from the EEOC to the plaintiff; (2) a pending motion for appointment of counsel; (3) the court leading the plaintiff to believe that he has completed all prerequisites for his complaint; and (4) the defendant lulling the plaintiff to inaction through affirmative misconduct. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).

Here, none of the aforementioned circumstances justify the application of the doctrine of equitable tolling. Plaintiff alleges that he received his right to sue letter on March 7, 2018, but he did not file the complaint until June 11, 2018, 96 days later. (Doc. 15-4 at p. 2). Plaintiff's right to sue letter made clear that he had 90 days to file an action related to his EEOC claim. (Doc. 15-3 at p. 1). Even Plaintiff's *pro se* status does not qualify him for equitable tolling, as other *pro se* plaintiffs have had their complaints dismissed for failure to file within 90 days of receipt of the right to sue. *See Taylor*, 296 F.3d 376; *Urbina*, No. 08-5018, 2009 WL 1766541. Therefore, the Court finds that Plaintiff's complaint bearing the Docket Number 3:18-CV-00624-BAJ-EWD is untimely.

Because the Court has found that both of Plaintiff's complaints are untimely and must be dismissed, the Court declines to address any of Defendants other

arguments.

V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motions to Dismiss (Docs 11 and 15)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 15th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**